Rob Bare, Esq.
Nevada Bar No. 4914
The Law Office of Rob Bare, PLLC
150 Las Vegas Blvd. V. #1812
Las Vegas, NV 89101
Direct: (702) 909-7732
Cell: (702) 250-3392
Email: rob@robbarelaw.com

Glenn M. Machado, Esq.
Nevada Bar No. 7802
Machado Law, PLLC
850 South Boulder Highway #510
Henderson, Nevada 89015
Phone: (702) 250-5039
Email: glanmach@gmail.com

*Attorneys for Eric Roy, Esq.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re*: Eric Roy,<br>Attorney at Law, Bar No. 11869 | Case No.: 2:23-ms-00038-MMD<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** |

This case arises under Local Rule IA 11-7(g) of the Local Rules of Practice for the United States District Court for the District of Nevada ("Local Rules") as an original proceeding regarding attorney Eric Roy, Esq. ("Attorney Roy"). Attorney Roy is admitted to practice in the United States District Court for the District of Nevada (the "District" or "Court"). During his tenure practicing before this Court, certain District Judges and Magistrate Judges within this Court have observed non-compliance with this District's Local Rules and other orders issued by those Judges. This original proceeding arises from that non-compliance, as described herein.

**I.   BACKGROUND**

On July 5, 2023, this Court filed an Attorney Discipline Order to Show Cause [ECF No. 1 ("Order to Show Cause")] requiring Attorney Roy to show cause why he should not be

disbarred from practice before this Court. [*Id*. at 1:22-24.] This Court's Order to Show Cause arose from the conduct identified in the Report and Recommendation of Magistrate Judge Nancy Koppe filed and submitted to the Chief Judge of this District in *Davis v. Clark County School District*, Case No. 2:11-cv-01896-JAD-NJK [ECF No. 144 in the *Davis* action ("R&R")].

### A. The Court's Order to Show Cause.

As the source of this Court's Order to Show Cause, the R&R sought potential sanctions against Attorney Roy based on prior historical instances of non-compliance with the Local Rules of this District. Attorney Roy did not file an objection to Magistrate Judge Koppe's R&R, and, accordingly, this Court subsequently adopted the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). This Court issued its Order to Show Cause to Attorney Roy based on the recommendations contained within the R&R, ordering Attorney Roy to show (1) why he should not be disbarred from practice in this District, and (2) what sanction, other than disbarment, would be appropriate in light of the non-compliance with Local Rules and Court orders identified within the R&R. [ECF No. 1 at 1:22-28.]

### B. Attorney Roy's Response to the Order to Show Cause.

On August 4, 2023, Attorney Roy filed his Response to Attorney Discipline Order to Show Cause [ECF No. 3 ("Response")] and requested a hearing before the Court.[1] In his Response, in addition to accepting responsibility for the facts identified within the R&R and Order to Show Cause, Attorney Roy proposed:

> [F]or a minimum period of two years – or a time frame deemed suitable to this Court – Mr. Roy must, at his own expense, associate outside counsel – approved by this Court – in any and all cases before this Court in which Mr. Roy represents a party. This requirement would encompass any and all cases that are currently pending before this Court in which Mr. Roy represents a party. The associated counsel will be responsible for reviewing Mr. Roy's pleadings and confirming that the same complies with all applicable procedural rules, and the associated outside counsel would also be responsible for the filling of such pleadings.

---

[1] Prior to making a ruling in this matter, the Court scheduled a hearing for September 21, 2023. [ECF No. 4.]

ECF No. 3 at 4-5.[2]

Further, Attorney Roy proposed that he would also be "required to take a minimum of ten hours of CLE concerning the Federal Rules of Civil Procedure and/or the local rules governing this Court." [*Id*. at 6]. Attorney Roy's Response ultimately proposed his further education regarding federal practice, and a form of mentorship model where another law firm that regularly practices before this Court—at Attorney Roy's expense—would review his pleadings for compliance with applicable rules prior to their submission to this Court.

On September 19, 2023, Attorney Roy filed a Supplement to Response to Attorney Discipline Order to Show Cause [ECF 8 ("Supplement")].[3] The Supplement provided more detail regarding the oversight of Attorney Roy's filings proposed within the Response. In particular, Attorney Roy's Supplement proposed that the law firm Holland & Hart LLP would review Attorney Roy's pleadings for compliance with the Local Rules, with written certification of compliance issued to Attorney Roy before such documents were filed with the Court with that certificate attached. The Supplement also contemplated how this relationship between Attorney Roy and Holland & Hart LLP would operate so as to avoid confusion or misapprehension regarding Attorney Roy's clients and their representation by Attorney Roy before this Court. The Supplement provided the Court with examples of (1) a proposed certificate of compliance to be executed and attached to Attorney Roy's filings before this Court [ECF No. 8-1]; (2) a proposed letter to Attorney Roy's current clients informing them of this oversight [ECF No. 8-2]; and (3) proposed language to be included in Attorney Roy's engagement letters, informing clients whose lawsuits may be in federal court of the proposed oversight relationship [ECF No. 8-3].

This Court conducted its hearing on its Order to Show Cause on September 21, 2023. During the hearing, the Court heard argument from Attorney Roy and his counsel regarding the

---

[2] As part of this review, the associated counsel would also discuss the substance of each court filing with Mr. Roy and confirm that the pleading in question complies with the requirements of Rule 11. [*See id*. at 5, n. 11.]

[3] Although leave was not sought prior to filing, the Court accepted this supplemental response for consideration during the September 21, 2023, hearing in this matter.

Order to Show Cause and the proposed efficacy of the proposed oversight of Attorney Roy's filings in this District. The Court also received a presentation from J. Malcolm DeVoy, Esq., on behalf of Holland & Hart LLP, which provided further information regarding the firm's proposed review of Attorney Roy's litigation before this District and intended functions to assist Attorney Roy and his staff enhance their federal court practice.[4]

## II.  FINDINGS

This Court finds that the issues and proposed solutions identified within the Response, and clarified in the Supplement, address this Court's concerns regarding Attorney Roy's compliance not only with the Local Rules, but the Federal Rules of Civil Procedure and orders of this Court generally. Therefore, allowing Attorney Roy to continue practicing in this Court with the requirements of (1) completing further education in federal practice, and (2) retaining the assistance of Holland & Hart LLP, as set forth below in more detail, addresses the Court's concerns. This Court intends that Attorney Roy's chosen counsel of Holland & Hart LLP will guide and mentor Attorney Roy in a manner that protects Attorney Roy's current and prospective clients whose claims may be litigated in this District.

This Court is persuaded that allowing Holland & Hart LLP to review Attorney Roy's filings for compliance with the Local Rules prior to filing for a period of two (2) years, and further work with Attorney Roy and his staff to increase their understanding of the requirements of practice before this Court, will protect Attorney Roy's clients and the public. Further, having Attorney Roy engage this counsel at his own expense provides a sufficient remedy that will promote the efficient and orderly administration of this Court's business. As Attorney Roy's proposed remedy does not require the Court's administration, although the Court will monitor Attorney Roy's compliance with its requirements, the Court finds that this resolution promotes the interests of both the public and the Court itself. Accordingly, and subject to the remedy set

---

[4] In addition to Attorney Roy's written submissions and presentation at the hearing, this Court also collected information from other District Judges and Magistrate Judges before whom Attorney Roy has appeared regarding an appropriate remedy and disposition of the Order to Show Cause.

4

forth below, the Court discharges the Order to Show Cause and imposes onto Roy the conditions set forth in the final section of this Order.

**III.     ORDER**

Based on the foregoing and in consideration of the facts and authorities set forth above, and consistent with this Court's inherent authority and Local Rule IA 11-8(c)-(e), the Court enters the following order with respect to Attorney Roy and its remedy for Attorney Roy to continue practicing within this District:

1. The Court's Order to Show Cause is **DISCHARGED**, as cause has been shown why this Court should not disbar Attorney Roy from practicing within this District, subject to the conditions set forth within this Order.

2. Attorney Roy will complete ten (10) hours of Continuing Legal Education ("CLE") specifically focused on the rules and standards of federal practice and, if possible, the Local Rules and practice in this District. These ten (10) hours are to be completed in addition to the CLE credits required to maintain his standing with the State Bar of Nevada. Attorney Roy will be required to submit proof of attendance to this Court by or before a date two (2) years following the date of this Order.

3. Attorney Roy will, at his own expense, engage Holland & Hart LLP to advise Attorney Roy regarding the Federal Rules of Civil Procedure, Local Rules, and standards of practice before this Court; further, and as agreed between Attorney Roy and his engaged counsel, Holland & Hart LLP shall participate in the education and training of Attorney Roy and his staff regarding the same.

4. Further, for two (2) years[5] following the date of this Order Holland & Hart LLP will review Attorney Roy's filings before this Court for compliance with the Local Rules and certify in writing, as described below, that such rules have been followed prior to Attorney Roy and his staff filing any document in this Court. The Court expects that Holland & Hart LLP and

---

[5] Attorney Roy may continue this practice after this Court's ordered duration of two years if he wishes to do so.

5

Attorney Roy will independently collaborate to establish a system for this purpose so as to maintain and not intrude upon Attorney Roy's relationship with his clients.

5. For two (2) years following the date of this Order, Attorney Roy must obtain Holland & Hart LLP's review of any documents that he files in this Court for compliance with the Federal Rules of Civil Procedure and the Local Rules, specifically including Federal Rules of Civil Procedure 5.2 and 11, and Local Rule IC 6-1. Holland & Hart LLP will certify its review of Attorney Roy's filings using a form substantially similar to the proposed certificate of compliance Attorney Roy submitted to this Court with his Supplement. [*See* ECF No. 8-1.] This certificate shall be executed by the attorney responsible for reviewing Attorney Roy's work for Holland & Hart LLP and must be attached to any such filing that Attorney Roy submits to this Court.

6. Within fourteen (14) days of the entry this Order, Attorney Roy will send the proposed correspondence to current clients with matters pending before this Court submitted with the Supplement. [ECF No. 8-2.]

7. For two (2) years following the date of this Order, Attorney Roy's engagement agreement shall include the proposed language submitted to this Court with Attorney Roy's supplement. [ECF No. 8-3.]

8. Attorney Roy is further advised that the Court's ordered review of his filings shall not constitute an independent basis for extending any filing deadlines before this Court, and requests for extension of time to file or submit any document with this Court in order to comply with this Order shall be denied. Attorney Roy is advised to work with his counsel to develop practices and systems to provide for timely review of his filings consistent with this Order.

**IT IS SO ORDERED.**

Dated:  October 4, 2023

_____
UNITED STATES DISTRICT JUDGE